507 P.2d 974

STATE of Arizona, Appellee,

v.

Gilbert Victor HOSTLER, Appellant.

No. 2319.

Supreme Court of Arizona,
In Banc.

March 19, 1973.

Gary K. Nelson, Atty. Gen. by Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Garth Nelson, Yuma, for appellant.

HAYS, Chief Justice.

The defendant, Gilbert Victor Hostler, pled guilty to a charge of first degree murder and on March 10, 1971, was sentenced to life imprisonment. Hostler now comes before this court and alleges, in substance, that the trial court erred in accepting his guilty plea which was, he asserts, not voluntarily and intelligently made since he was denied his right to a psychiatric examination under A.R.S. § 13–1621.01, subsec. J.

The defendant's testimony at the March 2, 1971, hearing revealed the following factual situation: Hostler hitchhiked to Virginia from California in January, 1970. He was picked up while still in California by Niels Gerrard Hansen and rode with him until Wellton, a town in Yuma County, Arizona. The two men decided to get some sleep in a roadside rest area, the victim in a sleeping bag and Hostler on some coats. Hostler related that he had seen that the driver had a large amount of money when he had pulled out his wallet at a gas station earlier. Hostler's attorney related that his client had told him that he had had a long-standing compulsion to determine whether he would feel remorseful if he killed someone. Hostler told him that desire to conduct the experiment, plus the need for money, eventually led him to murder in the instant case. The defendant testified that he mulled over the possibility of killing the victim for most of the night and about 4:30 in the morning shot the victim in the head twice and took his mon-

ey. Hostler then hitchhiked on to Virginia.

The body of the driver was found in his sleeping bag and the gun which had been used to shoot him was found nearby.

Nearly a year later, Hostler called the police department in Norfolk, Virginia, to tell them that he had killed Hansen and to ask them to pick him up. A criminal complaint was then filed charging Hostler with murder. The defendant waived extradition and was returned to Arizona for prosecution.

Hostler's appointed counsel appeared with defendant on January 13, 1971, and filed a motion for a mental examination. The court granted the motion and entered a written order for a mental examination "as provided for by A.R.S. 13–1621 et seq." This order appointed two Yuma County physicians and, in addition to the seven questions set forth in subsection F of A.R.S. § 13–1621, also demanded the following information:

8. Whether the defendant suffered from any mental illness or defect at the time of the commission of the alleged offense which would prohibit him from being able to understand the difference between right and wrong and the nature and probable consequences of the act which was alleged to have been committed.

The report, in essence, concluded that Hostler had no present mental disorder which would preclude him from assisting in his own defense. In response to item 8, *supra,* the report stated that:

8. The patient understood the difference between right and wrong and understood the nature and probable consequences of the act he was alleged to have committed at the time of its commission.

Hostler and his attorney next appeared before the court on February 3, 1971, and entered a plea of not guilty and not guilty by reason of insanity. Counsel requested that the court appoint a psychiatrist to examine the defendant and assist in his de-

fense "pursuant to 13–21 and 01 [sic]." The request was taken under advisement and the matter continued until February 10, 1971. On February 10, 1971, counsel renewed his request for a psychiatric examination. The court ruled that "the motion for further psychiatric examination may be denied with the right to refile the motion" and set the case for trial on April 6, 1971.

On February 24, 1971, Hostler wrote directly to the judge and requested that he be allowed to enter a plea of guilty. The court called a hearing on March 2, 1971, and interrogated the defendant at length concerning his change of plea. Although contrary to the advice of his counsel, the court allowed the defendant to withdraw his plea of not guilty and to enter a plea of guilty to first degree murder.

Hostler next appeared before the court for sentencing on March 10, 1971. The judge re-examined the defendant concerning his desire to plead guilty, ruled that the plea was freely and voluntarily made, entered a judgment of guilty of first degree murder, and sentenced the defendant to life imprisonment. On April 4, 1971, Hostler wrote the court requesting an appeal and the appointment of his trial counsel to represent him on appeal. This appeal follows from the defendant's request.

Defendant submits on appeal that the examination by two physicians employed by the County of Yuma was proper in connection with the determination of the issues contemplated under A.R.S. § 13–1621, subsec. A (whether defendant is competent to assist in own defense). However, Hostler contends that the examination by the two Yuma medical doctors was not proper in connection with the determination of the issues raised by A.R.S. § 13–1621.01 (whether the defendant was not guilty by reason of his insanity at the time he committed the offense).

The State's chief contention is that once Hostler was found competent to assist in his own defense under A.R.S. § 13–1621, subsec. A, the usual requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), set out in State v. Sutherland, 14 Ariz.App. 344, 483 P.2d 576 (1971), applied:

> On a plea of guilty the rule requires:
>
> 1. That the court must address the defendant personally.
>
> 2. That the court must determine that the plea of guilty:
>
>> a. is made voluntarily,
>>
>> b. is made with an understanding of the nature of the charge, and
>>
>> c. is made with an understanding of the consequences of the plea.
>
> 3. That before a judgment of guilty can be entered on a plea of guilty the trial court must be satisfied that there is a factual basis for the plea.
>
> 14 Ariz.App. at 346, 483 P.2d at 578.

The specific statutory provision in question is A.R.S. § 13–1621.01, subsec. J:

> In any case involving the defense of not guilty by reason of insanity, both the defendant and the state shall have the right to have the defendant examined by qualified psychiatrists appointed by the court for the purpose of presenting testimony.*

A valid guilty plea waives all non-jurisdictional defenses, State v. Murphy, 97 Ariz. 14, 396 P.2d 250 (1964), including, of course, the defense of not guilty by reason of insanity. This court has, however, stressed the importance of the trial court's full knowledge of the factual basis for the plea "to avoid the possibility of acceptance of a plea from a *legally* innocent defendant who pleaded guilty out of ignorance, deception, delusion, feelings of moral guilt, or self-destructive in-

---

* Those portions of ARS § 13–1621.01 which require a bifurcated trial of the sanity issue have been declared unconstitutional, but the above-quoted portion has specifically been held to be valid. State ex rel. Berger v. Superior Court of Maricopa County, 106 Ariz. 365, 476 P.2d 666 (1970); State v. Shaw, 106 Ariz. 103, 471 P.2d 715 (1970).

clinations." (emphasis added). State v. Durham, 108 Ariz. 327 at 329, 498 P.2d 149 at 151 (1972).

The basic question here is: Did the trial court's denial of the defense motion for a psychiatric examination have the effect of coercing a guilty plea in violation of *Boykin, supra*? We think not. The defendant's competency to stand trial and assist in his defense had been established; hence, his competency for the purpose of entering a guilty plea was also established. The issue of a psychiatric examination for purposes of testimony had not been completely foreclosed and the trial was more than a month off when defendant made his request to the court for a chance to enter a plea of guilty. The plea of guilty is consistent with the pattern of defendant's conduct in turning himself in and confessing the crime. The fact that up to this point the court had refused to require an additional psychiatric determination pursuant to statute, we do not consider as being so coercive as to vitiate the plea.

Judgment of conviction and sentence affirmed.

STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.

Note: Vice Chief Justice CAMERON did not participate in the determination of this matter.