516 P.2d 571

**STATE of Arizona, Appellee,**

v.

**Robert Moreno LOPEZ, Appellant.**

**No. 2572.**

Supreme Court of Arizona,
In Banc.

Dec. 5, 1973.

---

Gary K. Nelson, Atty. Gen., Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa Co. Public Defender, James H. Kemper, Former Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

The defendant, Robert Moreno Lopez, appeals a conviction upon a plea of guilty to second degree murder and sentence thereon of fifteen to twenty years in prison.

The only issue raised on appeal is whether the defendant's guilty plea was valid under the Due Process Clause of the Fourteenth Amendment to the United States Constitution where there was evidence of his mental competence to stand trial and where the trial court did not hear oral testimony on the question of defendant's competency.

The facts necessary for a determination of this issue are as follows: On June 28, 1971, an information was filed in the Superior Court of Arizona for Maricopa County charging Robert Moreno Lopez with the murder of Leonilla Lopez, his wife. A complete preliminary hearing was conducted and the defendant was bound over for trial. On July 12, 1971, a motion for mental examination of the defendant, filed by the defense counsel pursuant to A.R.S. § 13–1621, was granted. On August 12, 1971, the defendant was committed to the Arizona State Hospital for further examination. On September 22, 1971, the de-

fendant's commitment was extended another twenty days for further examination and testing. On October 15, 1971, at the determination of competency hearing the matter was submitted on the basis of the psychiatric reports and the court found that the defendant was unable to assist counsel in his own defense. It was ordered that he remain in the State Hospital until such time as the superintendent of the hospital reported that he was competent to stand trial. On June 21, 1972 the superintendent of the hospital advised the court that the defendant was now able to understand the proceedings against him and to assist in his own defense. The court set the matter for hearing.

On June 26, 1972, at the time set for hearing, the defendant was present with counsel. A Deputy County Attorney was also present. Counsel agreed to submit the matter of the defendant's competency based on the written reports of the psychiatrists. The court entered a finding that the defendant was competent to stand trial. A time for trial was set. On July 14, 1972, pursuant to plea bargain negotiations, the defendant withdrew his former plea of not guilty and entered a plea of guilty to an amended charge of second degree murder.

We have read the entire record and find that there was complete compliance with A.R.S. § 13–1621. The court held a hearing after the defendant was returned from the State Hospital. The defendant was present with counsel but chose not to present oral testimony. Instead he relied on the written reports of the doctors who had examined him. We certainly find no denial of due process in this procedure. A finding of competency under A.R.S. § 13–1621 is equal to competency to enter a guilty plea. State v. Hostler, 109 Ariz. 212, 507 P.2d 974 (1973). Furthermore A.R.S. § 13–1621E specifically provides that the parties by stipulation may waive oral testimony at the competency hearing.

Our reading of the record also assures us that all requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.

Ed.2d 274 (1969) have been met, although this issue was not raised on appeal.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.