524 P.2d 1321

**The STATE of Arizona, Appellee,**

v.

**Norman JACKSON, Appellant.**

**No. I CA–CR 675.**

Court of Appeals of Arizona,
Division 1,
Department A.

July 11, 1974.

Rehearing Denied Aug. 19, 1974.

Gary K. Nelson, Former Atty. Gen., N. Warner Lee, Atty. Gen. by Michael C. Anderson, Stanley Patchell, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by John Foreman, Deputy Public Defender, Phoenix, for appellant.

OPINION

OGG, Judge.

The appellant defendant Norman Jackson was found guilty of two counts of assault with a deadly weapon by the trial court on the basis of a police report that was submitted to the court by stipulation. The court sentenced him to terms of three to five years on each count to run concurrently and he now appeals from the judgments and sentences.

The facts necessary to decide this appeal show the defendant entered a plea of not

guilty by reason of insanity. Upon order of the court pursuant to the requirements of A.R.S. § 13–1621 the defendant was examined by two psychiatrists; the psychiatrists were in complete agreement that the defendant was competent to stand trial and that he did not suffer from any mental illness or defect. The reports indicated that he was an intelligent man who had a problem with alcoholism.

The court conducted a hearing and after studying the psychiatric reports found the defendant competent to stand trial.

The defendant, who was represented by counsel, agreed to waive his right to a jury trial and submit the case to the judge on the basis of the police report. This was done after the judge read the report and advised the defendant he would be found guilty of the charge if he elected to proceed in this manner. At that time the judge very carefully explained the defendant's constitutional rights and made a finding that the defendant " . . . knowingly, voluntarily and intelligently waived his right to a jury trial and the proceedings incident thereto." The record discloses that the judge complied with the waiver requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969).

The judge made no specific finding that the defendant was competent to enter a guilty plea or waive his rights to a jury trial.

It is defendant's position that once an issue of sanity is raised the trial court must not only have a hearing under the provisions of A.R.S. § 13–1621, but the court must also make a determination that such a defendant is also competent to waive his constitutional rights to enter a plea of guilty or waive his right to a jury trial.

Defendant relies on the cases of Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966) and Sieling v. Eyman, 478 F.2d 211 (9th Cir. 1973).

■ We must note that the Federal Courts in Westbrook and Sieling were concerned about the sufficiency of information before the trial court when a decision is made as to a defendant's competency to waive his constitutional rights. Both Westbrook and Sieling involved Rule 250, Arizona Rules of Criminal Procedure, a rule which was superseded by A.R.S. § 13–1621 (as amended 1968) and Rule 11.2, 17 A.R.S. Rules of Criminal Procedure. The provisions of A.R.S. § 13–1621(F) provides the trial court with far more information on the defendant's competency than the mere "ability to understand the proceeding and assist in the defense" requirements of Rule 250. In addition to the information required by Rule 250 the provisions of A.R.S. § 13–1621(F) require additional psychiatric opinions be furnished the court as to whether a defendant suffers from a mental disease or defect, whether he is a sociopathic or psychopathic personality, his ability to reason, control his conduct, and his potential for violence. In our opinion the trial court in this case had sufficient competent information before it to make a determination as to the defendant's competency to waive his right to a jury trial and to enter a plea of guilty.

■ The same legal question raised in this appeal was disposed of by the Arizona Supreme Court in State v. Decello, 111 Ariz. 46, 523 P.2d 74 (filed June 3, 1974), where the Court—in discussing Westbrook v. Arizona—said:

> "We do not believe, however, that the United States Supreme Court in Westbrook, supra, mandates that a defendant who is represented by counsel and is competent to stand trial must be given, absent other facts, a further hearing by the court as to his competency to waive his right to a jury."

See also State v. Lopez, 110 Ariz. 198, 516 P.2d 571 (1973).

In applying the facts of this case to the recent Arizona Supreme Court decisions, we affirm the judgments and sentences of the trial court.

DONOFRIO, P. J., Department A, and STEVENS, J., concur.