526 P.2d 706

STATE of Arizona, Appellee,

v.

Ellis Ray ELLISON, Appellant.

No. 2809.

Supreme Court of Arizona,
En Banc.

Sept. 23, 1974.

N. Warner Lee, Atty. Gen., by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Derickson & Kemper, by James H. Kemper, Phoenix, for appellant.

HAYS, Chief Justice.

On December 19, 1972, the Maricopa County grand jury returned an indictment charging Ellis Ray Ellison with first degree murder. After a series of mental examinations pursuant to ARS § 13–1621, the defendant was found competent to stand trial at a hearing conducted on March 26, 1973.

Subsequently, the defendant appeared in court in apparent accord with a plea bargain, withdrew his prior plea of not guilty and entered a plea of guilty to the lesser offense of voluntary manslaughter while armed with a gun or deadly weapon. He was represented by counsel at all times. Five days later, however, defendant filed in propria persona a written motion to withdraw his guilty plea. A hearing was held and on May 23, 1973, the lower court denied the motion. Defendant was later sentenced to serve a term of from 20 years to life in the state prison.

Two issues are raised on appeal: (1) whether it was an abuse of discretion for

the trial court to have denied defendant's motion to withdraw his guilty plea; (2) whether it was violative of defendant's constitutional rights to have accepted his guilty plea.

Under Arizona law, a motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court and in the absence of a clear abuse of that discretion, its ruling will not be disturbed on appeal. State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962). While the discretion of the trial court should be liberally exercised in favor of withdrawal, there must be a showing that an injustice will result if such discretion is not exercised. State v. Corvelo, *supra*. It is not sufficient to show that the defendant merely changed his mind if he was advised by counsel throughout the proceedings, understood the proceedings to the best of his ability, and was under no coercion or misapprehension concerning the consequences of his guilty plea. State v. Norgard, 92 Ariz. 313, 376 P.2d 776 (1962). In fact, a defense attorney may be performing his best service for his client in advising him to plead guilty as a means of bargaining for the most lenient treatment possible. State v. Alford, 98 Ariz. 124, 402 P.2d 551 (1965).

In this case, the state had a very strong case as admitted by defense counsel; in fact, there was no substantial evidence that defendant was not guilty. After intensive psychiatric examination by several doctors, the defendant decided to change his plea. At this point, the trial court conducted an extensive inquiry on two separate occasions as to Ellison's awareness of the consequences of his change of plea, including the waiver of certain constitutional rights and the voluntary and knowing quality of the guilty plea. After the plea was entered and defendant sought to withdraw it, the court held another hearing, including testimony, and upon consideration denied the motion to withdraw the plea of guilty. Under these circumstances, there was no abuse of discretion in the action of the lower court.

A psychiatric social worker and three psychiatrists examined the defendant pursuant to ARS § 13-1621. While Ellison has an IQ of 68, characterized as borderline mental retardation, he is in no way mentally ill and was considered by all three doctors to be competent to stand trial. The court so found after a hearing on the matter.

The defendant argues that Sieling v. Eyman, 478 F.2d 211 (9th Cir. 1973), requires a further and "more searching" inquiry into the issue of the defendant's ability to waive his several constitutional rights. The Arizona Court of Appeals in State v. Sutherland, 14 Ariz.App. 344, 483 P.2d 576 (1971), correctly said that with a plea of guilty, the rule of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 274 (1969), requires that the court address the defendant personally, determine that the plea of guilty is made voluntarily with an understanding of the nature of the charge and any consequences of the plea, and that the trial court be satisfied that there is a factual basis for the plea in the record. This test was met by the trial court.

In Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed. 429 (1966), a distinction is made between a finding of competency to stand trial and a finding of competency to waive constitutional rights. The same distinction is made in *Sieling*. Neither case mandates, however, that there be separate hearings on the two issues. State v. Decello, 111 Ariz. 46, 523 P.2d 74 (1974). The trial court in this case made every effort to make sure that the defendant understood his constitutional rights, that they were being waived, and the consequences of his waiver. At every point, Ellison had the effective assistance of competent counsel. Furthermore, *Sieling* is limited to situations in which the factual support to find competency to stand trial or to waive constitutional rights is inadequate or conflicting. In *Sieling*, unlike this case, there was conflict in the psychiatric testimony as to the defendant's capability in assisting in his own defense. In

that case, too, there was no psychiatric testimony on record and the court specifically said in remanding the case for a further hearing that if the psychiatric reports had been in evidence, the scope of the examinations and opinions might have been sufficient for the trial court to have determined whether or not Sieling was competent to plead guilty as well as to stand trial. Also, *Sieling* dealt with Rule 250, 17 A.R.S., of the former Arizona Rules of Criminal Procedure which required only a limited inquiry. The trial court here used the standards of ARS § 13–1621 in requesting psychiatric opinions and thus the inquiry was sufficiently searching into the question of competency not only to stand trial but to plead guilty.

The defendant having been properly found able to plead guilty and there being no abuse of discretion by the trial court in refusing to allow a withdrawal of the plea of guilty, the judgment and the conviction are affirmed.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.