526 P.2d 1054

**STATE of Arizona, Appellee,**

v.

**William Glen BATES, Appellant.**

**No. 2896.**

Supreme Court of Arizona,
En Banc.

Oct. 4, 1974.

Rehearing Denied Nov. 13, 1974.

N. Warner Lee, Atty. Gen., by Stanley L. Patchell, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

The defendant Bates was charged by three indictments with five counts of robbery and two counts of burglary. Pursuant to a plea bargain, he pled guilty to the robbery charges. Defendant was initially given a suspended sentence of eight years' probation. Upon violation of the probation conditions, the court sentenced Bates to five concurrent terms of not less than 10 nor more than 20 years in the Arizona State Prison. From this sentence the defendant appeals.

■ One case disposes of three of appellant's contentions. Only when counsel is so inept that the proceedings become a farce or a sham will relief for ineffective counsel be granted. State v. McKinney,

108 Ariz. 604, 503 P.2d 946 (1972). Such lack of competence was not indicated here.

■ Appellant contends that the trial court erred in failing to grant defendant's motion to dismiss because of the failure of the state to bring the defendant to trial within 60 days from the date of the indictment. The rule in effect at the time, Rule 236, 17 A.R.S., stated that a case would be dismissed if the defendant was not brought to trial within 60 days unless actions of the defendant delayed the proceedings. The indictments were handed down July 13, 1972. On August 21, 1972, the trial court granted defendant's motion for a mental examination. The psychiatric reports prepared in mid-September were not filed with the court by defendant until October 5, 1972. Excluding the time from the granting of defendant's motion until the psychiatric reports were filed with the court—which delay was requested for the benefit of defendant—60 days had not passed on the date set for trial, October 25, 1972. On that date, the defendant was not prepared to proceed and waived the provisions of Rule 236. Defendant's constitutional right to a speedy trial has not been denied.

Appellant's next assertions are that the trial court erred in failing to hold a hearing pursuant to A.R.S. § 13–1621 prior to the time that defendant entered his pleas of guilty and that a subsequent minute entry as to defendant's competency prior to sentencing was insufficient.

■ While no hearing of competency was held prior to defendant's pleas, the psychiatric evidence was before the court. Prior to sentencing, the court made a finding in a minute entry that the defendant was competent. It had been stipulated that the matter be submitted on the written reports of medical experts and no further hearing or entry by the court was necessary as to its findings.

■■ Appellant further argues that the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274

(1969), were not met or, if they were met, that Sieling v. Eyman, 478 F.2d 211 (9th Cir. 1973), demands a more extensive inquiry into the issue of defendant's ability to waive his constitutional rights upon entering a plea of guilty. These issues were largely met by this court recently in State v. Ellison, Ariz., 526 P.2d 706 (1974). *Boykin* requires that the trial judge personally address the defendant and determine that the plea of guilty is voluntarily being made by the defendant with an understanding of the charges and the consequences, and that the court be satisfied that there is a factual basis for the plea in the record. This test was met. As was said in State v. Ellison, *supra*, the *Sieling* case does not demand a separate hearing beyond that required by *Boykin* if the psychiatric reports made pursuant to A.R.S. § 13–1621 are before the court and are sufficient to determine the ability of defendant *to waive his constitutional rights.*

■ Appellant then raises several issues concerning the revocation of probation procedures. The defendant had ample notice of his alleged violation of probation in the "Petition to Revoke Probation; Order for Warrant," a copy of which was attached to the warrant. The fact that a plea bargain may have later been made in regard to the charges arising from the alleged probation violation did not alter the sufficiency of the original notice. A preliminary hearing concerning the charges was held, then a revocation of probation hearing and then a final revocation hearing. Testimony was taken at all three stages, and the transcript of the preliminary hearing was before the court at the final hearing on revocation.

■ A proceeding for the revocation of probation is not subject to the same rules as a trial on the merits; to remain free under a suspended sentence is not a right but a matter of discretion with the court. State v. Washington, 5 Ariz.App. 400, 427 P.2d 381 (1967). It is enough for the court to have a "reason to believe" that the individual is "violating the conditions

of his probation, or engaging in criminal practices." A.R.S. § 13–1657(B). This reason is established by a preponderance of the evidence. State v. Pietsch, 109 Ariz. 261, 508 P.2d 337 (1973). The standard was met in the instant case.

■ This court has repeatedly held that a sentence within statutory limits will be upheld unless the sentence is so clearly excessive under the circumstances as to constitute an abuse of discretion. State v. Masters, 108 Ariz. 189, 494 P.2d 1319 (1972). There was no such abuse of discretion by the court.

The judgment of conviction and the sentences are affirmed.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.