533 P.2d 544

**STATE of Arizona, Appellee,**

v.

**Mike Wayne VASSAR, Appellant.**

**No. 3053.**

Supreme Court of Arizona,
In Banc.
April 2, 1975.

N. Warner Lee, Atty. Gen. by Shirley H. Frondorf, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

Mike Wayne Vassar appeals his conviction for armed robbery, A.R.S. §§ 13–641, 13–643. He was sentenced to a term of five to seven years in the Arizona State Prison to run concurrently with any term of confinement the defendant might be required to serve as a result of a California parole violation.

Appellant Vassar was arrested in downtown Phoenix shortly after he had robbed a man at knifepoint. He was charged with robbbery. An information was filed against him on February 25, 1974. He was arraigned 16 days later, on March 13, 1974.

On March 15, 1974, the trial court granted appellant's motion for a mental examination and appointed two psychiatrists to examine the appellant. Counsel for the parties stipulated that the determination of appellant's competency would be determined on the written reports filed with the court by the psychiatrists. Based on the information in the reports, the trial court found the appellant competent to stand trial.

At the omnibus hearing, counsel for appellant moved to dismiss the information because the appellant had not been arraigned within ten days after the filing of the information as required by Criminal Rule 14.1, 17 A.R.S. The motion was denied.

On the date scheduled for trial, counsel for the parties stipulated that the appellant would waive his right to trial by jury and have the matter tried by the trial court based upon the transcript of the preliminary hearing. The trial judge, based on the evidence presented in the transcript, found the appellant guilty of robbery.

The issues raised by the appellant are 1) whether the trial court erred in not dismissing the information because of the delay in arraignment and 2) whether the appellant was competent to waive his right to a jury trial.

Rule 14.1 of the Rules of Criminal Procedure provide, in part:

"a. *In General.* No later than 10 days after the filing of an indictment, information, or complaint, except as provided in section (b), an arraignment shall be held before the trial court.

"b. *Special Situations.* When an arraignment cannot be held within the time specified in section (a) because the defendant has not yet been arrested or summoned, or is in custody elsewhere, it

shall be held as soon as possible thereafter."

Since appellant was in custody when the information was filed, the "special situations" of Rule 14.1 do not apply. The record does not reveal the cause for the six day delay.

Unlike Rule 8, there are no sanctions under Rule 14 which provide for failure to arraign within the time limits. There is nothing in the rules which requires that the case be dismissed for failure to comply with the ten-day rule for arraignments. Absent such a sanction, it is necessary that actual prejudice be shown. In the case at issue there is nothing in the record which suggests any prejudice to appellant by the delayed arraignment nor has counsel pointed out any matter of prejudice to the defense.

The appellant next questions the sufficiency of the trial court's determination of his competency to waive his constitutional right to jury trial and other constitutional rights.

The trial court, on motion of appellant, had ordered a mental examination of appellant to determine his competency. After the reports of the examining phychiatrist had been received, the parties at the hearing stipulated that the determination of appellant's competency could be made based on the written reports of the doctors. The trial court found the appellant to be mentally competent to stand trial.

Appellant argues that the finding of competency to stand trial is not sufficient to support the requirement of intelligent waiver of a constitutional right, and the trial court must determine that an accused has the mental competency to make an intelligent waiver of a constitutional right. Westbrook v. Arizona, 384 U.S. 150, 86 S. Ct. 1320, 16 L.Ed.2d 429 (1966); Sieling v. Eyman, 478 F.2d 211 (CA9, 1973).

The issue raised by appellant has been considered by a trilogy of cases decided by this Court. State v. DeCello, 111 Ariz. 46, 523 P.2d 74 (1974); State v. Ellison, 111 Ariz. 167, 526 P.2d 706 (1974); State v. Bates, 111 Ariz. 202, 526 P.2d 1054 (1974). These cases point out that a separate hearing is not required to determine the defendant's ability to waive a constitutional right. The issue of intelligent waiver encompasses the entire subject and can be considered in the one hearing. The trial court has the obligation to determine whether the defendant understands his constitutional rights and the consequences of the waiver. The record must support any finding by the trial court that the constitutional right was voluntarily and intelligently waived.

As we pointed out in *DeCello, Ellison,* and *Bates,* reference to the psychiatric reports or testimony will be made to determine whether the record supports the conclusion that the defendant was mentally competent to waive a constitutional right.

The psychiatric reports in this case do not suggest any incompetency, and one of the examining physicians specifically reports that appellant is competent to make decisions concerning waiver of rights. The trial judge was thorough and careful in determining that the appellant understood his rights and the consequences of the waiver. The same trial judge had previously reviewed the psychiatric reports in making the finding of competency to stand trial, so he was completely familiar with the circumstances of the appellant's condition. The record before us fully supports the decision of the trial court to accept the waiver of jury trial and submission of the issues on the preliminary hearing transcript.

Affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HAYS, JJ., concur.