542 P.2d 17

STATE of Arizona, Appellee,

v.

Omar A. CONTRERAS, Appellant.

No. 3226.

Supreme Court of Arizona,

En Banc.

Nov. 6, 1975.

Rehearing Denied Dec. 9, 1975.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

This is an appeal from a judgment of guilt pursuant to a plea to the charge of robbery and a sentence of from six to ten years in the Arizona State Prison. We take jurisdiction in accord with Rule 47(e)(5), Rules of the Supreme Court.

Prior to his plea, Omar Contreras, the appellant, was examined by two court-appointed psychiatrists with regard to his ability to stand trial or to plead guilty. Rule 11, 1973 Rules of Criminal Procedure. The matter was submitted on the basis of the psychiatric reports to the trial judge upon stipulation of counsel. The psychiatrists each found that Contreras was able to stand trial and to plead guilty. The trial judge then made a finding that Contreras understood the nature of the proceedings against him and could assist counsel. Rule 11.1, 1973 Rules of Criminal Procedure.

The appellant now contends that counsel cannot stipulate to the submission of the matter on the psychiatric reports without the consent of the accused. He argues that this procedure violates his due process right to a full competency hearing.

Counsel stands in the stead of his client when representing the accused. *State v. Davis*, 112 Ariz. 140, 539 P.2d 897 (1975). There is nothing in the record before us to indicate Contreras' dissatisfaction with his attorney, and therefore the attorney has his general authority to make such a waiver.

There is no Arizona authority to support the proposition that a hearing cannot be waived and the matter submitted by stipulation of counsel to the judge for a determination of competency. To the contrary, we have held that this procedure is entirely in accord with due process. *State v. Lopez*, 110 Ariz. 198, 516 P.2d 571 (1973); ARS § 13–1621(E). As seems clear from the number of times that this is done, a full hearing often would serve no real purpose if the psychiatric reports satisfactorily answer the questions of competency. *See State v. Bates*, 111 Ariz. 202, 526 P.2d 1054 (1974); *State v. Robinson*, 111 Ariz. 153, 526 P.2d 396 (1974); *State v. Decello*, 111 Ariz. 46, 523 P.2d 74 (1974); *State v. Lopez, supra*. By submitting the matter on the basis of written reports, the accused has waived his presence at a competency hearing. No objection to this manner of proceeding was raised by Contreras at the time.

The trial judge made a specific finding that Contreras was able to understand the proceedings against him and to assist in his own defense. Rule 11.1, 1973 Rules of Criminal Procedure. It was therefore concluded that Contreras was competent to stand trial. Later, the appellant chose to plead guilty and he now urges that the trial judge did not make the requisite finding concerning Contreras' ability to plead guilty. To the effect that a finding of competency in accord with Rule 11 is not sufficient to support a finding of competency to plead guilty, the appellant cites *Sieling v. Eyman*, 478 F.2d 211 (9th Cir. 1973).

Prior to the *Sieling* decision, this court had held repeatedly that once a defendant's competency to stand trial had been established, his competency to plead guilty was equally established. *State v. Hostler*, 109 Ariz. 212, 507 P.2d 974 (1973). The Ninth Circuit held, however, that the standard of competency to plead guilty was higher than

the standard of competency to stand trial, and said:

"A defendant is not competent to plead guilty if a mental illness has substantially impaired his ability to make a reasoned choice among the alternatives presented to him and to understand the nature of the consequences of his plea." *Sieling v. Eyman,* 478 F.2d at 215.

The *Sieling* court derived its opinion from *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) and *Westbrook v. Arizona,* 384 U.S. 150, 86 S. Ct. 1320, 16 L.Ed.2d 429 (1966). We do not agree with its reasoning nor with its interpretation of the holding of those two opinions.

In the *Westbrook* decision, the United States Supreme Court distinguished between competency to stand trial and competency to waive counsel, and we are certainly in accord with that distinction. The constitutional right of self-representation in a criminal matter is an independent right. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1974). It is a separate issue from competency to stand trial.

In *Dusky v. United States, supra,* the United States Supreme Court directly addressed the issue of competency to stand trial.

"[The] test must be whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding— and whether he has a rational as well as factual understanding of the proceedings against him." 362 U.S. at 402, 80 S.Ct. at 789.

This is the standard incorporated by Rule 11.1 and is the test to be met in deciding competency to stand trial.

■■ *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires that a plea of guilty must be made voluntarily and intelligently. A plea cannot be said to be voluntary if not made with an awareness of its ramifications, and

to that end, the defendant is apprised of the range of sentence and the rights forfeited by a plea of guilty. *State v. Carr,* 108 Ariz. 203, 495 P.2d 134 (1972). The voluntary quality of the plea is determined by the relevant, surrounding circumstances. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Mental competence to plead guilty is but one factor. *Malinauskas v. United States,* 505 F. 2d 649 (5th Cir. 1974). This is analogous to the acceptance of a confession. *Reck v. Pate,* 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed. 2d 948 (1961).

■■ Formalistic recitations are never enough to comply with the mandate of *Boykin v. Alabama, supra. Malinauskas v. United States, supra.* Therefore, in certain circumstances, there must be a proceeding in addition to a hearing on the issue of competency to stand trial to conform with *Boykin v. Alabama, supra. State v. Robinson, supra.* However, two separate hearings are not necessarily required. *State v. Ellison,* 111 Ariz. 167, 526 P.2d 706 (1974).

■ In this case, two psychiatrists separately determined that Contreras was able to plead guilty and their reports were before the trial court when the judge accepted the guilty plea of Contreras and found that the plea was voluntary and knowing. This was sufficient.

■ Having made these determinations, it was proper for the trial judge to sentence Contreras without ordering any additional psychiatric examinations to determine if Contreras were competent to be sentenced. A person may not be punished if mentally incompetent. Rule 11.1, 1973 Rules of Criminal Procedure. However, nothing to indicate a doubt of his competency was raised between the time of accepting the guilty plea and the time of sentencing. The trial court could have ordered a hearing at its discretion had the judge felt it warranted. Rule 26.7, 1973 Rules of Criminal Procedure. However, there must be some reasonable ground to

justify another hearing on facts not previously presented to the trial court in order for us to say that the trial judge abused his discretion in not ordering such a hearing on his own initiative. Contreras made no request for one.

The judgment and sentence are affirmed.

CAMERON, C. J., and HOLOHAN and GORDON, JJ., concur.

STRUCKMEYER, Vice Chief Justice, (concurring in the result):

I concur in the result.