SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CR-07-0319-PR |
| Appellee, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division Two |
| | ) | No. 2 CA-CR 06-0280 |
| ANN MAVINEE LEENHOUTS, | ) | |
| | ) | Pima County |
| Appellant. | ) | Superior Court |
| | ) | No. CR20043719 |
| | ) | |
| | ) | |
| | ) | **O P I N I O N** |
| _____ | ) | |

Appeal from the Superior Court in Pima County
The Honorable Charles S. Sabalos, Judge

**REVERSED**
_____

Memorandum Decision of the Court of Appeals, Division Two
Filed Sept. 6, 2007

**VACATED**
_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL
    By   Randall M. Howe, Chief Counsel,          Phoenix
          Criminal Appeals Section
          Joseph L. Parkhurst,                Tucson
          Assistant Attorney General
Attorneys for State of Arizona

Peter A. Kelly                                Palominas
Attorney for Ann M. Leenhouts
_____

**M c G R E G O R**, Chief Justice

**¶1**      Arizona Rule of Criminal Procedure 14.1 requires that a defendant not in custody be arraigned "within 30 days after

1

the filing of an indictment" or "as soon as possible thereafter." Ariz. R. Crim. P. 14.1(a), (b). We must decide whether the superior court erred in ordering a trial to proceed on a supervening indictment on the same day that the defendant learned of the supervening indictment. We hold that the superior court erred in requiring the trial to proceed.

## I.

¶2 In 2003, Ann Leenhouts began divorce proceedings against her then-husband. In August 2004, the superior court granted the husband full custody of the couple's three children, but Leenhouts did not return the children to him. In September 2004, a Deputy United States Marshal located her and the children in Maryland and took Leenhouts into custody. Maryland authorities then released the children to the husband.

¶3 In October 2004, a grand jury indicted Leenhouts for custodial interference in violation of Arizona Revised Statutes (A.R.S.) section 13-1302.A.3 (2001) (subsection A.3), a class 6 felony. In December 2004, the superior court arraigned Leenhouts and released her on her own recognizance. The following October, the State obtained a supervening indictment charging Leenhouts with custodial interference in violation of both A.R.S. § 13-1302.A.1 (subsection A.1) and subsection A.3. Leenhouts was never arraigned on the supervening indictment.

¶4 Leenhouts and her counsel first saw the supervening

2

indictment on May 23, 2006, the first day set for trial. Leenhouts objected to proceeding on the supervening indictment, arguing that she had received insufficient notice of the new charge based on subsection A.1. Leenhouts also argued that the supervening indictment prejudiced her by depriving her of an absolute defense to the original charge based on subsection A.3. The court overruled Leenhouts's objection, and the trial proceeded on the charges in the supervening indictment. A jury ultimately found Leenhouts guilty.

¶5       Leenhouts appealed, arguing that the trial court erred by ordering the trial to continue in violation of Rule 14.1. In a memorandum decision, the court of appeals affirmed. The court concluded that the record was "devoid of any suggestion Leenhouts had relied on the initial indictment to her detriment." The court noted that because Leenhouts filed an extensive pretrial disclosure statement and prepared a necessity defense, the record indicated that she did not rely solely on her absolute defense to the charge of custodial interference under subsection A.3. Moreover, the court stated, Leenhouts failed to request a continuance.[1]

---

[1]     Leenhouts also made an argument based on the Sixth Amendment, U.S. Const. amend. VI, which the court of appeals declined to address because she did not raise that argument until oral argument. Because we resolve this case on the basis of Rule 14.1, we do not address the Sixth Amendment argument.

¶6       We granted Leenhouts's petition for review because it raises an issue of statewide importance.  We exercise jurisdiction pursuant to Article 6, Section 5.3, of the Arizona Constitution and Rule 23(c) of the Arizona Rules of Civil Appellate Procedure.

## II.

## A.

¶7       The State necessarily concedes that because Leenhouts was never arraigned on the supervening indictment, these proceedings did not comply with Rule 14.1.  The purpose of an arraignment under Rule 14 "is formally to advise the defendant of [her] legal rights and of the charges against [her] and to begin the proceedings by assuring that counsel is provided and the date of trial set." Ariz. R. Crim. P. 14 cmt.  Although the State obtained the supervening indictment in October 2005, Leenhouts was not served with the indictment or arraigned before the date set for trial the following May.

¶8       As the State recognized during oral argument, the record does not demonstrate any attempt by the State to fulfill its obligation to serve Leenhouts with the supervening indictment.  The State's failure to serve Leenhouts or demonstrate its attempts to serve her, for more than seven months after it filed the supervening indictment, violated Rule 14.1.

**B.**

¶9        Rule 14.1 does not define the sanction to be imposed in the absence of a timely arraignment. *See State v. Vassar*, 111 Ariz. 487, 489, 533 P.2d 544, 546 (1975). "There is nothing in the rules which requires that the case be dismissed for failure to comply with [Rule 14.1]. Absent such a sanction, it is necessary that actual prejudice be shown." *Id.* Prejudice exists if the failure to arraign a defendant deprives him or her of notice of the charges and thereby deprives the defendant of the opportunity to defend against those charges. *See State v. Curry*, 187 Ariz. 623, 631, 931 P.2d 1133, 1141 (App. 1996); *State v. Dungan*, 149 Ariz. 357, 362, 718 P.2d 1010, 1015 (App. 1985) ("[T]here is no prejudice if the defendant had full and fair notice of the crime charged, is not surprised, confused or prejudiced in his defense, and is afforded a full and fair opportunity to defend the charge against him.").

¶10       The original indictment charged Leenhouts only with custodial interference in violation of subsection A.3, which applies when a person who is "one of two persons who have joint legal custody of a child takes, entices or withholds from physical custody the child from the other custodian," "knowing or having reason to know that the person has no legal right to do so." A.R.S. § 13-1302.A.3. To establish custodial interference in violation of subsection A.3, therefore, the

5

State needed to show that Leenhouts was one of two persons who had joint legal custody of the children. But because the court had granted the husband full custody of the children, Leenhouts did not share joint legal custody, and the State simply could not establish the charge's joint legal custody requirement.

¶11    Perhaps aware of its inability to prove the original charge, the State obtained a supervening indictment. The indictment added a charge of custodial interference in violation of subsection A.1. A person violates subsection A.1 when the person,

> knowing or having reason to know that the person has no legal right to do so . . . [t]akes, entices or keeps from lawful custody any child, or any person who is incompetent, and who is entrusted by authority of law to the custody of another person or institution.

A.R.S. § 13-1302.A.1. Leenhouts's argument before the trial judge on the first day of trial makes clear that she and her counsel lacked notice of the supervening indictment's new custodial interference charge, alleged under subsection A.1.

¶12    There can be little question that the State's failure to provide notice of the new charge in the supervening indictment prejudiced Leenhouts's defense. She and her counsel arrived for trial knowing that the State could not show the joint legal custody required to obtain a conviction under subsection A.3. The new charge, in contrast, alleged a violation to which Leenhouts's "absolute defense" did not apply.

6

The lack of notice clearly prejudiced Leenhouts.

¶13 The State argues that the Rule 14.1 violation did not deprive Leenhouts of notice of the charges against her because the supervening indictment did not change the nature of the charge in the original indictment. *Cf. State v. Van Vliet*, 108 Ariz. 162, 164, 494 P.2d 34, 36 (1972) (stating that a new arraignment is generally unnecessary if an amended indictment does not change the nature of the offense). Subsections A.1 and A.3, however, define distinct statutory offenses with distinct elements. The State itself apparently regarded the charges as sufficiently different to require that it obtain a superseding indictment rather than merely amend the original indictment pursuant to Arizona Rule of Criminal Procedure 13.5. Because the elements required to prove a violation of subsection A.1 differ from those required to prove a violation of subsection A.3, the original and supervening indictments do not allege the same charge.

¶14 The legislative history of A.R.S. § 13-1302 buttresses our conclusion. Pursuant to a statutory amendment in 1997, the legislature adopted a new version of A.R.S. § 13-1302.A. 1997 Ariz. Sess. Laws, ch. 270, § 1 (1st Reg. Sess.). The previous version simply stated:

> A person commits custodial interference if, knowing or having reason to know that he has no legal right to do so, such person knowingly takes, entices or keeps from

7

lawful custody any child who is less than eighteen years of age or incompetent and who is entrusted by authority of law to the custody of another person or institution.

1994 Ariz. Sess. Laws, ch. 364, § 1 (2d Reg. Sess.). The previous version did not clearly encompass situations in which one custodial parent deprived another custodial parent of physical custody of a child. Final Revised Fact Sheet for H.B. 2248, 43d Leg. (Sen.), 1st Reg. Sess. (1997). The 1997 legislative amendment sought to "rectify these types of situations by increasing the scope of actions which come under custodial interference," and redefined custodial interference to include situations involving joint legal custodians. *Id.* The 1997 amendment renumbered A.R.S. § 13-1302.A as subsection A.1 and added subsection A.3.

¶15     This history indicates that the legislature, in creating subsections A.1 and A.3, intended to define distinct custodial interference violations. Viewing the two subsections as the State urges renders subsection A.3 superfluous. We decline to treat the 1997 amendment as an inconsequential legislative act and conclude that the State's addition of a subsection A.1 charge changed the nature of the charges against Leenhouts.

### III.

¶16     For the foregoing reasons, we vacate the decision of

8

the court of appeals.  We reverse the conviction and remand the matter to the superior court for proceedings consistent with this opinion.


_____
Ruth V. McGregor, Chief Justice

CONCURRING:


_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice


_____
W. Scott Bales, Justice