NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL ALEX BLAKE, *Appellant.*

No. 1 CA-CR 17-0159
FILED 4-10-2018

Appeal from the Superior Court in Maricopa County
No.  CR2015-101869-001
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

---

J O H N S E N, Judge:

¶1 Michael Alex Blake timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions of aggravated assault, a Class 4 felony, and resisting arrest, a Class 1 misdemeanor. Blake's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530 (App. 1999). Blake was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Blake's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Before dawn on January 13, 2015, a Phoenix police officer approached Blake as he was sleeping on a bench in downtown Phoenix. Finding Blake unresponsive, the officer announced his presence, shone his flashlight on Blake's face and eventually performed a "sternum rub," which he testified is a "painful stimul[us]" intended to rouse an unconscious person. Blake then sat up, and the officer once again announced that he was a police officer. Blake did not respond, but instead lay back down and the officer called for backup. After another officer arrived, the officer pulled Blake's blanket away, causing Blake to roll from the bench onto the sidewalk. Blake then rose to his knees and raised his arms in a "fighting stance." While the officers tried to arrest him, Blake clawed at the head of one of the officers, drawing blood, then lay down on his stomach with his arms beneath him. Officers were able to subdue him only after using a Taser.

¶3 Blake was found competent to stand trial pursuant to Arizona Rule of Criminal Procedure 11, and after a three-day trial, a jury convicted him of aggravated assault, a Class 4 felony, and resisting arrest, a Class 6 felony. The State did not allege any aggravators or prior convictions. At sentencing, the court granted Blake's motion to designate the resisting

arrest conviction as a Class 1 misdemeanor and sentenced Blake to concurrent sentences, the longest of which was 771 days, with 771 days' presentence credit.[1]

**¶4**　　　Blake timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1) (2018), 13-4031 (2018) and -4033 (2018).[2]

## DISCUSSION

**¶5**　　　The record reflects Blake received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The court conducted appropriate competency hearings within the constraints of the law. *See State v. Silva*, 222 Ariz. 457, 462, ¶¶ 24-26 (App. 2009). Although Blake's conduct during trial was demonstrably erratic, the court had found him competent several months before trial, and he offered no evidence at trial to suggest he was not competent then. *See State v. Moody*, 208 Ariz. 424, 443, ¶ 48 (2004) (court entitled to rely on record supporting competency adjudication unless defendant presents reasonable ground for another competency hearing based on new facts) (citing *State v. Contreras*, 112 Ariz. 358, 360-61 (1975)).

**¶6**　　　The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of eight members. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned unanimous verdicts, which were confirmed by juror polling. The court received and considered a presentence report and imposed legal sentences for the crimes of which Blake was convicted.

## CONCLUSION

**¶7**　　　We have reviewed the entire record for reversible error and find no arguable issue, and therefore affirm the convictions and resulting sentences. *See Leon*, 104 Ariz. at 300.

---

[1]　　　Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Blake. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

[2]　　　Absent material revision after the date of an alleged offense, we cite a statute's current version.

**¶8**         Defense counsel's obligations pertaining to Blake's representation in this appeal have ended.  Counsel need do no more than inform Blake of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  On the court's own motion, Blake has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration.  Blake has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA