570 P.2d 503

STATE of Arizona, Appellee,

v.

Julia Phyllis JOHNSON, Appellant.

No. 1 CA–CR 2012.

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 1, 1977.

Rehearing Denied Oct. 21, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Criminal Division, Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Plotkin & Calvin by Dain K. Calvin, Phoenix, for appellant.

## OPINION

SCHROEDER, Presiding Judge.

Appellant, Julia Phyllis Johnson, and her two companions were indicted by a Maricopa County grand jury for robbery and assault with intent to murder. Appellant pleaded guilty to assault with intent to commit murder and the prosecutor dismissed the robbery charge. Johnson and her lawyer signed the agreement and it was filed with the court. The court before accepting the plea explained the elements of the crime, ascertained a factual basis for the plea, and determined that it was knowingly and voluntarily entered. A sentence of not less than five nor more than ten years in the Arizona State Prison was imposed.

In this appeal, she raises several contentions with respect to the court's handling of a possible insanity defense and argues that the record fails to reflect that the plea was in fact knowingly and voluntarily entered under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). We reject these contentions and affirm the conviction and sentence.

Prior to the plea negotiations, appellant's counsel made a pre-trial motion, pursuant to Rule 11, Rules of Arizona Criminal Procedure, for a mental examination as to her competency to stand trial and her mental condition at the time of the offense. Two court-appointed psychiatrists examined appellant and her counsel stipulated that her competency would be determined by the court on the basis of the reports without oral testimony on the issue.

In its Rule 11 order the trial court directed the examining physicians to assess the appellant's probable mental condition at the time of the offense, and if a probable mental disease or defect at the time of the offense was diagnosed, to assess its relationship to the alleged offense. The psychiatrists concluded that appellant was competent to stand trial, understand the proceedings against her and assist in her defense, but also that she was of borderline intelligence or mildly mentally retarded. One physician thought it probable that appellant was gravely disabled at the time of the assault while the other did not make a finding on the issue.

The trial court based on the reports found appellant competent under Rule 11. Thereafter appellant changed her plea pursuant to the plea bargain.

Appellant first argues that the waiver of evidentiary hearing on competency was improper. However, Rule 11.5(a) permits the waiver of an evidentiary hearing and the submission of the issue of defendant's competency to stand trial on written reports. There is no evidence or allegation in the record that appellant was dissatisfied with her lawyer. The submission of the issue of competency to stand trial pursuant to Rule 11.5 waived appellant's right to be present and to have a full evidentiary hearing on that issue. *State v. Blier*, 113 Ariz. 501, 557 P.2d 1058; *State v. Contreras*, 112 Ariz. 358, 542 P.2d 17 (1975).

We perceive appellant's principal claim here to be that she could not knowingly, voluntarily and intelligently enter a plea

with a full understanding of the consequences thereof without first knowing if, in the opinion of the examining psychiatrists, she had a valid defense of insanity at the time of the crime, or without a determination *sua sponte* by the trial judge at the plea proceedings that she was sane at the time of the crime.

■ With respect to the claimed inadequacy of the psychiatrists' reports, we conclude that the instant reports themselves fully comport with Rule 11. The psychiatrists are not to make legal judgments about a defendant's sanity at the time of the offense but rather are restricted to making factual determinations and medical judgments when requested. See Comment to Rule 11.3(e). This was done in the instant case.

■ With respect to the claimed failure of the trial court to inquire further into the possibility of an insanity defense, we note first that appellant did not assert an insanity defense nor furnish the trial court with any evidence suggesting that she was insane. She did not seek additional expert assistance pursuant to Rule 11.3(f) to investigate or substantiate that defense. No attempt to withdraw her plea in the lower court was made.

■ The trial court has an obligation to insure that a defendant is not tried, convicted, or punished while incompetent, *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Rule 11.1. It is not obligated, however, to raise and adjudicate *sua sponte* an insanity defense of a competent defendant based on the theory of the defendant's insanity at the time of the crime. *See generally State v. Begay*, 110 Ariz. 200, 516 P.2d 573 (1973); *State v. Martin*, 102 Ariz. 142, 426 P.2d 639 (1967). A defendant is presumed sane and must introduce evidence constituting a doubt of her sanity before it becomes an issue for the trial court to re-

solve. *State v. Begay, supra.* The issue is presented when the defendant introduces sufficient evidence to raise that doubt under the *M'Naghten* Rule. *State v. Wilcynski*, 110 Ariz. 258, 517 P.2d 1254 (1974), *cert. denied* 423 U.S. 873, 96 S.Ct. 141, 46 L.Ed.2d 104, *State v. Martin, supra.* If no such evidence is introduced, the presumption of sanity will prevail. *Foster v. State*, 37 Ariz. 281, 294 P. 268 (1930).

■ Moreover, since appellant's possible defense of insanity at the time of the crime was not raised below, we will not now entertain the issue on appeal as it does not constitute plain or fundamental error. *Matter of Pima County, Juv. Act. No. J–47735–1*, 26 Ariz.App. 46, 546 P.2d 23 (1976). Her informed choice of the plea bargain and subsequent guilty plea over the possibility of losing on the insanity issue at trial will not be disturbed on appeal absent unique circumstances not here present, cf. *State v. Fox*, 112 Ariz. 375, 542 P.2d 800 (1975). A valid guilty plea generally waives all non-jurisdictional defenses including the defense of not guilty by reason of insanity. *State v. Hostler*, 109 Ariz. 212, 507 P.2d 974 (1973). Appellant cites no other matters affecting the validity of the guilty plea and we find none in our examination of the record; we conclude that the guilty plea was properly accepted by the trial court.

Judgment and sentence affirmed.

WREN and EUBANK, JJ., concur.