754 P.2d 344

**James H. PARKER, Az. Lic. No. T–244052, Plaintiff/Appellee,**

v.

**Lee PRINS, Director of Arizona Department of Transportation, Defendant/Appellant.**

No. 2 CA–CV 87–0352.

Court of Appeals of Arizona, Division 2, Department A.

April 29, 1988.

**16**

Sammons & Sammons by Laurel B. Sammons, Tucson, for plaintiff/appellee.

Robert K. Corbin, Atty. Gen. by Leonardo Ruiz, Phoenix, for defendant/appellant.

## OPINION

HATHAWAY, Judge.

The State of Arizona appeals the reinstatement of appellee's driver's license after it was revoked pursuant to A.R.S. § 28–445. Appellee, James H. Parker, a long-haul driver, was convicted of a second offense within 60 months of driving while under the influence of intoxicating liquor. Finding no basis for reinstatement of the license, we reverse.

In May 1982, Parker was convicted in Arizona for driving while under the influence of intoxicating liquor pursuant to A.R.S. § 28–692. In October 1986, he was convicted of aiding and abetting the commission of the crime of driving while under the influence in Wyoming. Parker forfeited bond and apparently never appeared for his Wyoming arraignment. Under Wyoming's "Parties to Crime" statute, Wyo.Stat. § 31–5–1202 (1977), similar to A.R.S. § 28–1051 [1], a conviction of aiding and abetting the crime of DWI is tantamount to commission of DWI itself.

On March 2, 1987, Arizona revoked Parker's license pursuant to A.R.S. § 28–445 [2], "Mandatory Revocation of License", because records indicated that Parker had been convicted of a second DWI offense within a 60–month period. Parker filed a petition for special action with the Pima County Superior Court asking that revocation of his license be rescinded. He was successful; judgment was entered reinstating his license and ordering the state to remove all evidence of the Wyoming conviction from its records. The state appeals this decision.

The state argues that the court need not determine the reliability of Parker's Wyoming conviction, as Parker suggests we do. We agree with the state's reasoning. To go behind the Wyoming conviction and examine the reliability of the facts leading thereto would constitute a collateral attack on that conviction. This we will not do, nor do we condone such action by the trial court. See *State v. Hooker*, 131 Ariz. 480, 642 P.2d 477 (App. 1982); *Application of Hathcock*, 9 Ariz. App. 178, 450 P.2d 419 (1969). Parker had the opportunity to contest the charges against him at the time of his arraignment. Neither the Pima County Superior Court nor this court is the proper forum to collaterally attack an action which was determined by a Wyoming court.

1.  § 28–1051. Parties to a crime
    A person who ... aids or abets in the commission of, any act declared in this chapter to be a crime, ... is guilty of the offense,....

2.  § 28–445. Mandatory revocation of license by department; ...
    A. *The department shall, ... forthwith revoke the license of an operator or chauffeur* upon receiving a record of the operator's or chauffeur's conviction of any of the following offenses, ...
    7. Conviction, or forfeiture of bail not vacated, upon a second or subsequent charge of violating § 28–692, within a period of sixty months.

Further, Parker asserts that he has suffered a due process violation in that notice of a hearing to contest his license revocation was sent to an incorrect address and was never received by him. The purpose of that hearing would have been to contest the license revocation, and not Parker's actual Wyoming conviction. Arizona did not revoke Parker's license because Wyoming ordered revocation; rather, it revoked it because Wyoming convicted Parker of a crime tantamount to a violation of A.R.S. § 28–692 within a 60–month period of a similar conviction, resulting in a mandatory revocation. Parker's knowledge of a hearing to contest the license revocation has no effect on the outcome of this case or the state's procedures under A.R.S. § 28–445.

The statutes relied upon by the state are clear and dictate the result sought in this appeal. Wyoming convicted Parker of DWI based on aiding and abetting. A.R.S. § 28–443 provides for license revocation for an offense which, "if committed in this state, would be grounds for ... revocation ..."; A.R.S. § 28–445 provides for mandatory revocation for conviction of a second or subsequent DWI conviction within a 60–month period. The Wyoming conviction constituted such an event, mandating revocation of Parker's license. A.R.S. § 28–1051.

The remainder of the issues on appeal set forth by Parker need not be discussed in light of our decision. It is ordered that the revocation of Parker's license be reinstated, and the superior court's order of removal of appellee's Wyoming conviction from appellant's records is vacated.

Reversed.

LACAGNINA, C.J., and HOWARD, P.J., concur.