868 P.2d 997

Harry Frederick GOULDER, Plaintiff–Appellee,

v.

ARIZONA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION; James S. Creedon, Acting Director; and Judi E. Ross, Division Director, Real Parties in Interest, Defendants–Appellants.

No. 1 CA–CV 91–0471.

Court of Appeals of Arizona, Division 1, Department C.

Sept. 7, 1993.

Review Granted March 1, 1994.

Grant Woods, Arizona Atty. Gen. by Graham Alex Turner, Asst. Atty. Gen., Phoenix, for defendants-appellants.

Law Office of Mark N. Weingart by Mark N. Weingart, Tempe, for plaintiff-appellee.

## OPINION

NOYES, Judge.

The question presented is whether an out-of-state DWI conviction is a conviction within the meaning of Ariz.Rev.Stat.Ann. (A.R.S.) section 28–445(A)(7), which provides for mandatory revocation of a driver's license on conviction of "a second charge of violating [A.R.S.] § 28–692, within a period of sixty months." We agree with the trial court's conclusion that an out-of-state DWI conviction is not a conviction of "section 28–692." We express disagreement with *Parker v. Prins,* 157 Ariz. 15, 17, 754 P.2d 344, 346 (App.1988), the sole case relied on by Appellant Department of Transportation (Department).

### I.

In April 1991, Appellee (Goulder) pleaded guilty to a charge of driving while under the influence of intoxicating liquor (DWI) in violation of A.R.S. section 28–692. A few days later, the Department notified Goulder by mail that his driver's license was revoked pursuant to A.R.S. section 28–445(A)(7), which provides:

A. *The department shall,* in addition to the grounds for mandatory revocation provided for in the uniform act regulating traffic on highways, *forthwith revoke the license* of a driver *upon receiving a record of* the driver's conviction of any of the following offenses, when the conviction has become final:

．　　　．　　　．　　　．　　　．

7. *Conviction,* or forfeiture of bail not vacated, *upon a second or subsequent charge of violating § 28–692,* within a period of sixty months.[1]

(emphasis added).

The Department's theory was that the Arizona DWI conviction qualified as a "second or subsequent charge of violating § 28–692" because Goulder had been convicted of DWI in Nebraska in 1987.

Goulder filed a complaint in superior court for judicial review of the revocation pursuant to A.R.S. sections 28–451 and 12–901 to –914. The superior court reversed the mandatory revocation and remanded to the Department for a hearing pursuant to A.R.S. section 28–446, the permissive revocation statute. The Department appealed. We have jurisdiction pursuant to A.R.S. sections 12–120.21(A) and –901 to –914.

### II.

The Department argues that the Nebraska DWI conviction is a conviction of violating "§ 28–692" because A.R.S. section 28–443(A) provides:

The department may suspend or revoke the license of a resident of this state ... upon receiving notice of the conviction of the person in another state of an offense therein which, if committed in this state, would be grounds for the suspension or revocation of the person's driver's license.

This statute relates to a permissive license revocation; it has no applicability to the mandatory license revocation provisions of A.R.S. section 28–445(A)(7). The Department's failure to distinguish between the permissive and the mandatory license revocation statutes gains support from *Parker v. Prins,* in which Division Two of this Court held that a conviction from Wyoming was a "DWI conviction" for purposes of A.R.S. section 28–445(A)(7). 157 Ariz. at 17, 754 P.2d at 346. The Court stated in *Parker:*

Wyoming convicted Parker of DWI based on aiding and abetting. A.R.S. § 28–443 provides for license revocation for an offense which, "if committed in this state, would be grounds for ... revocation ..."; *A.R.S. § 28–445 provides for mandatory revocation for conviction of a second or subsequent DWI conviction within a 60–month period.* The Wyoming conviction constituted such an event, mandating revocation of Parker's license. A.R.S. § 28–1051.

*Id.* (emphasis added).

We conclude from the legislative history and from the plain language of relevant Ari-

---

1. A.R.S. section 28–445(A)(7) was amended, effective September 21, 1991, to delete the words "or subsequent" from the statute. *See* Laws 1991, Ch. 104, § 8.

zona statutes that *Parker*'s interpretation of A.R.S. section 28–445 is erroneous for the following four reasons.

## A.

■ The first duty in interpreting a statute is to determine and give effect to the legislature's intent. *See Chaparral Dev. v. RMED Int'l, Inc.*, 170 Ariz. 309, 311, 823 P.2d 1317, 1319 (App.1991). "If the language is plain and unambiguous, then no construction is necessary and our duty is simply to apply that plain and unambiguous language." *Id.* We must follow the language of a statute if its clear meaning does not lead to an absurdity. *See Arizona Civil Rts. Div. v. Hughes Air Corp.*, 139 Ariz. 309, 311, 678 P.2d 494, 496 (App.1983).

■ *Parker* interprets A.R.S. section 28–445(A)(7) generically, to include any DWI conviction, but the statute refers specifically to an Arizona DWI conviction. "A recognized rule of statutory construction holds that an expression of one or more items of a class indicates the intent of the legislature to exclude all items of the same class not included." *Greves v. Ohio State Life Ins. Co.*, 170 Ariz. 66, 74, 821 P.2d 757, 765 (App.1991) (citing *Pima County v. Heinfeld*, 134 Ariz. 133, 134, 654 P.2d 281, 282 (1982)). That the statute includes Arizona's DWI statute specifically is indication of legislative intention to exclude out-of-state DWI convictions from that statute.

## B.

■ Statutes relating to the same subject matter should be read *in pari materia* to determine legislative intent and to maintain harmony. *See State v. Thomason*, 162 Ariz. 363, 366, 783 P.2d 809, 812 (App.1989). Other Arizona motor vehicle statutes clearly indicate an intention to include DWI convictions from other states. For example, A.R.S. section 28–443(A) confers on the Department discretionary authority to revoke a resident's license on notification of "the conviction of the person in another state of an offense therein *which, if committed in this state,* would be grounds for the suspension or revocation of the person's driver's license." (em-

phasis added). Similarly, A.R.S. section 28–446(A)(7) confers on the Department discretionary authority to revoke a driver's license on evidence that the driver "[h]as committed an offense in another state *which if committed in this state* would be grounds for suspension or revocation." (emphasis added).

Another example is A.R.S. section 28–692.-01(E), which provides enhanced punishment "[i]f a person is convicted of a second violation of § 28–692 or is convicted of a violation of § 28–692 and has previously been convicted of an act in another state *which if committed in this state* would be a violation of § 28–692 within a period of sixty months." (emphasis added). There is no such language in A.R.S. section 28–445(A)(7).

## C.

■ When construing a statute, this Court may consider prior statutes relating to the same subject matter, as well as the development of a statute. *See State v. Sweet*, 143 Ariz. 266, 271, 693 P.2d 921, 926 (1985). The historical notes to A.R.S. section 28–445(A)(7) indicate that a 1982 amendment substituted the words "violating § 28–692" for the words "driving or being in actual physical control of a vehicle while under the influence of intoxicating liquor." Laws 1982, Ch. 234, § 2. This amendment is further evidence of a legislative intention to limit the mandatory revocation statute to violations of A.R.S. section 28–692 and to leave out-of-state DWI convictions for consideration under the permissive revocation statute, A.R.S. section 28–446.

## D.

■ Statutory provisions are to be read in the context of related provisions and of the overall statutory scheme. *See Grant v. Board of Regents*, 133 Ariz. 527, 529, 652 P.2d 1374, 1376 (1982). The goal is to achieve consistency among the related statutes. *See State v. Wilhite*, 160 Ariz. 228, 230, 772 P.2d 582, 584 (App.1989). Construing A.R.S. section 28–445(A)(7) in the manner argued by the Department, and in the manner summarily stated in *Parker,* would result in statutory redundancy: A person with an

out-of-state DWI conviction within sixty months of an Arizona DWI conviction, or vice versa, would become subject to *both* the mandatory revocation provisions of A.R.S. section 28–445 and the permissive revocation provisions of A.R.S. section 28–446. It makes more sense to read these statutes as applying to different situations.

One reason the legislature may have limited *mandatory* driver's license revocation to a second or subsequent violation of A.R.S. "§ 28–692" is that, when the Department considers official records of an Arizona DWI conviction, there is no need for inquiry beyond the face of the records themselves. On the other hand, determining whether an out-of-state conviction is the same as an Arizona DWI conviction could involve questions of fact about other state laws and records. Because the Department must at times engage in factual inquiry regarding out-of-state convictions, it makes sense that the legislature gave the Department *permissive* authority to exercise discretion based on the facts and, where warranted, revoke a driver's license based on an out-of-state DWI conviction.

The statute with applicability to Goulder's Arizona DWI conviction is the permissive revocation statute, A.R.S. section 28–446, not the mandatory revocation statute, A.R.S. section 28–445.

### III.

A.R.S. section 28–445(A)(7) does not include an out-of-state DWI conviction. It includes only what it says it includes: "[c]onviction, or forfeiture of bail not vacated, upon a second or subsequent charge of violating § 28–692, within a period of sixty months."

The judgment of the trial court is affirmed.

GARBARINO, P.J., and McGREGOR, J., concur.