877 P.2d 280

**Harry Frederick GOULDER,**
**Plaintiff–Appellee,**

**v.**

**ARIZONA DEPARTMENT OF TRANS-PORTATION, MOTOR VEHICLE DIVISION; James S. Creedon, Acting Director; and Judi E. Ross, Division Director, Real Parties in Interest, Defendants–Appellants.**

**No. CV–93–0357–PR.**

Supreme Court of Arizona,
En Banc.

July 7, 1994.

Mark N. Weingart, Tempe, for Harry Frederick Goulder.

Grant Woods, Atty. Gen. by Graham A. Turner and Robert J. Sokol, Asst. Attys. Gen., Phoenix, for the State of Ariz.

## OPINION

MARTONE, Justice.

We granted review to resolve a conflict between the divisions of the court of appeals over whether an out-of-state conviction for driving under the influence is "upon a . . . charge of violating § 28–692" under A.R.S. § 28–445(7). See Rule 23(c)(4), Ariz.R.Civ. App.P.

Goulder was convicted of driving under the influence in Nebraska in 1987. He was convicted of driving under the influence under A.R.S. § 28–692 in Arizona in 1991. When the Arizona conviction became final, the Department of Transportation revoked his driver's license, relying upon A.R.S. § 28–445(7), which calls for mandatory revocation upon "[c]onviction, or forfeiture of bail not vacated, upon a second or subsequent charge of vio-

lating § 28–692, within a period of sixty months."[1]

Goulder then brought this civil action seeking judicial review of agency action under A.R.S. §§ 12–901 to –914. Concluding that an out-of-state conviction could not possibly be upon a charge of violating § 28–692, the superior court reversed the decision of the Department of Transportation and entered judgment in favor of Goulder.

Division One of the Court of Appeals affirmed. *Goulder v. Arizona Dept. of Transp.*, 177 Ariz. 414, 868 P.2d 997 (App. 1993). Division One was of the view that a contrary opinion in Division Two, *Parker v. Prins*, 157 Ariz. 15, 754 P.2d 344 (App.1988) was erroneous. We affirm.

Goulder argues that § 28–445(7) means what it says. A conviction upon a charge of violating § 28–692 could only occur in Arizona. Section 28–692 does not apply to Nebraska. Goulder contrasts § 28–445(7) with § 28–443, which specifically provides for permissive, and not mandatory, revocation "upon receiving notice of the conviction of the person in another state of an offense therein which, if committed in this state, would be grounds for the suspension or revocation of the person's driver's license."

The state relies on *Prins*, in which Division Two assumed, without deciding, that an out-of-state conviction was within the scope of A.R.S. § 28–445. In deciding the only two issues before it, not relevant here, the court in *Prins* said, "A.R.S. § 28–443 provides for license revocation for an offense which, 'if committed in this state, would be grounds for ... revocation ...'; A.R.S. § 28–445 provides for mandatory revocation for conviction of a second or subsequent DWI conviction within a 60–month period. The Wyoming conviction constituted such an event, mandating revocation of Parker's license." 157 Ariz. at 17, 754 P.2d at 346.

We disagree with this dicta. We do not understand the association of § 28–443 with § 28–445. They address discrete subjects. One is not limited to DUI convictions, the other is. One is permissive, the other man-

datory. There is no relationship between the two, by reference or otherwise. Moreover, the court's description of § 28–445 is erroneous. Section 28–445 does not provide for mandatory revocation "for conviction of a second or subsequent DWI conviction," 157 Ariz. at 17, 754 P.2d at 346, but, rather, for conviction "upon a second or subsequent charge of violating § 28–692." Section 28–445(7). Of course, the issue we decide today was not argued and raised in *Prins* and thus its equation of charges in another state with charges under § 28–692 is dicta.

But the issue is squarely presented in the case before us and we agree with Division One that the statute means what it says. Accordingly, we hold that mandatory revocation under § 28–445(7) applies to a conviction upon a second charge of violating § 28–692, and not upon a charge of violating another state's statute.

We therefore disapprove of the *Prins* dicta, and affirm the judgments of the court of appeals and the superior court.

FELDMAN, C.J., MOELLER, V.C.J., and CORCORAN and ZLAKET, JJ., concur.

---

1. In 1991 the statute was amended to separate out second charges, under subparagraph (A)(7), from third or subsequent charges under subparagraph (A)(8), changes not relevant here.