IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| ROYCE WILLIAMS, a single man, | ) | 2 CA-CV 2006-0128 |
| | ) | DEPARTMENT A |
| Plaintiff/Appellee, | ) | |
| | ) | **O P I N I O N** |
| v. | ) | |
| | ) | |
| JAYDON TRAVIS BAUGH, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. CV200500310

Honorable Stephen F. McCarville, Judge

REVERSED

Johnson, Rasmussen, Robinson & Allen, P.L.C.
  By John W. Rasmussen and Jennifer M. Wolfe                                    Mesa
                                                          Attorneys for Plaintiff/Appellee

Davis Miles, PLLC
  By Steven R. Rensch and Richard R. Thomas                                     Mesa
                                                       Attorneys for Defendant/Appellant

H O W A R D, Presiding Judge.

¶1        Appellant/defendant Jaydon Baugh challenges the trial court's finding that he
was liable to appellee/plaintiff Royce Williams as a matter of law and granting summary
judgment in favor of Williams on the issue of liability in Williams's assault action.  Baugh

argues that A.R.S. § 13-807, which prohibits a defendant convicted in a criminal case from denying the essential allegations of the criminal conviction in a subsequent civil case, does not bar him from raising the affirmative defenses of justification, contributory negligence, and comparative fault. Because § 13-807 does not preclude a defendant from raising an affirmative defense that does not conflict with the essential allegations of the offense, we reverse.

¶2        When reviewing a grant of summary judgment, we view the evidence and reasonable inferences from it in the light most favorable to the nonmoving party. *Link v. Pima County*, 193 Ariz. 336, ¶ 12, 972 P.2d 669, 673 (App. 1998). In March 2003, Baugh confronted Williams in a bar parking lot about his treatment of Celia Marquez that evening. After brandishing a knife and threatening Baugh, Williams was restrained and pulled back into the bar. Baugh, who was intoxicated, agreed to leave with Marquez. Marquez then drove to Williams's house, where Baugh entered and struck Williams with a gun.

¶3        Baugh was arrested, charged with, and subsequently pled guilty to aggravated assault and burglary. Williams then sued Baugh alleging, inter alia, that his action "constituted an intentional, aggravated, physical assault and battery." Williams filed a motion for partial summary judgment on the issue of liability. In response Baugh argued the facts supported a justification defense and a claim of contributory negligence and comparative fault. The trial court granted Williams's motion, found Baugh liable, and precluded him from raising a justification defense. It entered a judgment that included a

determination of finality pursuant to Rule 54(b), Ariz. R. Civ. P., 16 A.R.S., Pt. 2. Baugh now appeals.

¶4 We have jurisdiction pursuant to A.R.S. § 12-2101(G). *See Bilke v. State*, 206 Ariz. 462, ¶ 28, 80 P.3d 269, 275 (2003) ("[U]nder A.R.S. § 12-2101(G), 'an interlocutory judgment which determines the rights of the parties and directs . . . [a] proceeding to determine the amount of the recovery' can be appealed if the trial court, in the exercise of its sound discretion, expressly directs that the only issue remaining is the amount of recovery."), *quoting* § 12-2101(G).

¶5 Baugh argues the trial court erred when it granted Williams summary judgment on the issue of liability because it incorrectly interpreted § 13-807 to preclude him from presenting the affirmative defense of justification. We review de novo the propriety of summary judgment, *Link*, 193 Ariz. 336, ¶ 12, 972 P.2d at 673, and issues of statutory construction, *McHale v. McHale*, 210 Ariz. 194, ¶ 7, 109 P.3d 89, 91 (App. 2005). "When construing a statute, our goal 'is to fulfill the intent of the legislature that wrote it.'" *City of Sierra Vista v. Dir., Ariz. Dep't of Envtl. Quality*, 195 Ariz. 377, ¶ 10, 988 P.2d 162, 165 (App. 1999), *quoting State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993). "If the statute is clear and unambiguous, we apply the plain meaning of the statute." *Hourani v. Benson Hosp.*, 211 Ariz. 427, ¶ 7, 122 P.3d 6, 10 (App. 2005). "We look . . . to the statute's language . . . [as] 'the best and most reliable index of [the] statute's meaning.'" *Williams*, 175 Ariz. at 100, 854 P.2d at 133, *quoting Janson v. Christenson*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991).

¶6        Section 13-807 prohibits "[a] defendant convicted in a criminal proceeding…from subsequently denying in any civil proceeding brought by the victim . . . against the criminal defendant the essential allegations of the criminal offense of which he was adjudged guilty, including judgments of guilt resulting from no contest pleas." Based on the plain wording of this statute, "the legislature precluded defendants from denying in a civil case the essential elements of their conviction in a criminal case, with no exceptions granted." *W. Agric. Ins. Co. v. Brown*, 195 Ariz. 45, ¶ 14, 985 P.2d 530, 533 (App. 1998). Furthermore, "the 'essential' mental state alleged is the minimum mental state necessary for conviction of that offense as defined by statute." *Republic Ins. Co. v. Feidler*, 178 Ariz. 528, 533, 875 P.2d 187, 192 (App. 1993); *see also K.B. v. State Farm Fire & Cas. Co.*, 189 Ariz. 263, 266, 941 P.2d 1288, 1291 (App. 1997) (same).

¶7        Section 13-807, however, does not mention affirmative defenses, so we must determine whether the legislature intended to include them. The state, as a general rule, will not allege any affirmative defenses on behalf of the defendant. *See* Ariz. R. Crim. P. 13.2, 16A A.R.S. (contents of indictment). We presume the legislature knew that affirmative defenses were not essential allegations of a criminal offense that the state must prove in order to obtain a conviction. *See Washburn v. Pima County*, 206 Ariz. 571, ¶ 11, 81 P.3d 1030, 1035 (App. 2003) ("We presume the legislature is aware of existing statutes when it enacts new statutes . . . ."); *see also State v. Pennington*, 149 Ariz. 167, 168, 717 P.2d 471, 472 (App. 1985). And the legislature easily could have stated that a criminal defendant

4

either cannot interject affirmative defenses in the civil action[1] or is absolutely liable to the civil plaintiff once he or she has been convicted of a criminal offense that resulted in the plaintiff's injury. Because it did not, and because we will not add words to what the legislature has stated, we assume that it did not intend either result. *See AAA Cab Serv., Inc. v. Indus. Comm'n*, 213 Ariz. 342, ¶ 6, 141 P.3d 822, 824 (App. 2006).

¶8 Furthermore, the legislature has explicitly provided in A.R.S. § 13-413 that "[n]o person in this state shall be subject to civil liability for engaging in conduct otherwise justified pursuant to the provisions of this chapter." "Statutes relating to the same subject matter should be read *in pari materia* to determine legislative intent and to maintain harmony." *Goulder v. Ariz. Dep't of Transp., Motor Vehicle Div.*, 177 Ariz. 414, 416, 868 P.2d 997, 999 (App. 1993), *aff'd*, 179 Ariz. 181, 877 P.2d 280 (1994). Section 13-413 indicates the legislature intended that the criminal affirmative defenses be available to the civil defendant. And nothing in § 13-807, which was enacted sixteen years after § 13-413, indicates that it was intended to limit or be an exception to § 13-413.

¶9 The plain language of § 13-807 precludes the criminal defendant convicted of an offense from denying the essential allegations of that offense in a civil case brought by the person injured by the criminal act. *See Brown*, 195 Ariz. 45, ¶ 14, 985 P.2d at 533. But we further conclude that § 13-807 does not preclude the criminal defendant who has been convicted of an offense from raising affirmative defenses under § 13-413 in a subsequent

---

[1]We do not consider any possible constitutional issues.

civil case that do not contradict the essential allegations of the offense. This interpretation fulfills the legislative intent of both statutes.

¶10  Williams nevertheless contends that by pleading guilty a defendant waives all non-jurisdictional defenses to the crimes charged, citing *State v. Hostler*, 109 Ariz. 212, 507 P.2d 974 (1973), and *State v. Johnson*, 116 Ariz. 561, 570 P.2d 503 (App. 1977). But those cases deal with the effect of the guilty plea in the context of the criminal case. The issue in this case is what effect the legislature intended the conviction to have in the context of a civil action. To make that determination, we have examined the language of § 13-807, as we are required to do. *See Williams*, 175 Ariz. at 100, 854 P.2d at 133 (language of statute best indication of meaning). The legislature has only barred the defendant in the civil context from denying the essential allegations of the offense.

¶11  At the time this altercation occurred, A.R.S. § 13-1203 provided: "A person commits assault by . . . [i]ntentionally, knowingly or recklessly causing any physical injury to another person." And A.R.S. § 13-1204(A)(2) provides that a person commits aggravated assault by committing assault with a deadly weapon or dangerous instrument. Self-defense was then an affirmative justification defense to the crime of aggravated assault. *See* A.R.S. § 13-401(B); *State v. Casey*, 205 Ariz. 359, ¶ 28, 71 P.3d 351, 358 (2003).[2] "[A] person

_____

[2]We note, however, that the legislature superseded *Casey* when it amended A.R.S. § 13-205(A) in 2006. 2006 Ariz. Sess. Laws, ch. 199, § 2. *See also Garcia v. Browning*, No. CV-06-0320-PR, ¶ 20, 2007 WL 419645 (Ariz., Feb. 9, 2007) (amendment of § 13-205 not retroactive to primary facts arising before its effective date). The legislature declared that justification defenses were no longer affirmative defenses and that if the defendant presents some evidence of justification, the burden is then on the state to prove a lack of justification beyond a reasonable doubt in order to prove the defendant guilty. This amendment may

6

is justified in threatening or using physical force against another when and to the extent a reasonable person would believe that physical force is immediately necessary to protect himself against the other's use or attempted use of unlawful physical force." A.R.S. § 13-404(A). Accordingly, a claim of self-defense does not contradict any of the essential elements of aggravated assault, but rather raises additional facts by way of confession and avoidance. *See Blacks Law Dictionary* 317 (8th ed. 2004) (Confession and avoidance defined as "[a] plea in which a defendant admits allegations but pleads additional facts that deprive the admitted facts of an adverse legal effect.").[3]

¶12 Williams argues, however, that the phrase "essential allegations" of a criminal conviction implicitly includes any affirmative defenses to that offense, thereby precluding Baugh from raising them. The statutory language does not support that assertion. It could only be justified by issue preclusion, formerly called collateral estoppel.

¶13 Although Williams mentioned the term "collateral estoppel" on appeal and below, his entire argument in both courts was based on § 13-807. Furthermore, the trial court based its ruling on § 13-807 rather than issue preclusion. Because the issue was not sufficiently argued, we will not address it. *See* Ariz. R. Civ. App. P. 13(a)(6), 17B A.R.S.;

---

change the applicability of § 13-807 to future civil self-defense claims, but the primary facts of this case occurred prior to the effective date of the amended statute and the issue was not briefed by the parties, therefore we do not decide it.

[3]Williams argues that Baugh had no valid justification defense under the facts adduced here and Baugh countered that questions of fact remained on that issue. The trial court did not rule on this issue and we decline to do so in the first instance.

7

*Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, ¶ 50, 977 P.2d 807, 815 (App. 1998) (declining to address contention made without supporting authority or argument). Additionally, we have recently concluded that issue preclusion does not apply in the guilty plea context because the issues are not actually litigated. *Picaso v. Tucson Unified Sch. Dist.*, No. 2 CA-CV 2005-0174, 2007 WL 447925 (Ariz. App. Feb. 13, 2007). Accordingly, issue preclusion does not help Williams here.

**¶14** Williams and the trial court also relied on *American Family Mutual Insurance Co. v. White*, 204 Ariz. 500, ¶ 16, 65 P.3d 449, 455 (App. 2003), for the proposition that Baugh was precluded from raising affirmative defenses. In that case, Division One of this court interpreted § 13-807 in the context of deciding whether a homeowner's insurance policy exclusion applied. *Id.* ¶ 1. The policy stated: "We will not cover bodily injury or property damage arising out of . . . violation of any criminal law for which any insured is convicted." *Id.* ¶ 5 (emphasis deleted). After the insured had pled guilty to reckless aggravated assault, the victim sued for damages based on negligence. *Id.* ¶¶ 3-4. The court noted that the victim/plaintiff "stands in the shoes" of the defendant and had no greater rights in the policy. *Id.* ¶ 16. It then stated in dicta and without citing any authority that "[b]ecause [the insured] waived his claims of self-defense and defense of others by pleading guilty to aggravated assault, [victim/plaintiff] cannot raise those defenses in the civil action." *Id.*

**¶15** *White* is distinguishable from the case here because any language in *White* must be evaluated in the context of the interpretation of the insurance policy provision. In

8

*White*, the defendant had pled guilty and any claim of self-defense would contradict the essential allegations of the offense for purposes of determining whether the defendant's action was, under the policy, a "violation of any criminal law for which any insured is convicted." *Id*. ¶¶ 4, 16 (emphasis deleted).

**¶16** Moreover, *White* relied on *Brown* and *Feidler*, which support our holding. In *Brown*, 195 Ariz. 45, ¶ 11, 985 P.2d at 533, the defendant had been found guilty of premeditated first-degree murder after the jury rejected his insanity defense. The defendant and the victims' survivors then sought insurance coverage for the murders under the defendants' bodily injury liability policy. *Id*. ¶ 1. Division One held that the intentional acts exclusion in the policy precluded coverage. *Id*. ¶¶ 5-17. The court recognized that the insanity defense was not an element of first-degree murder because the defendant had the burden of proving that defense. *Id*. ¶ 14. And "[a]lthough defendants have a higher burden of proof in criminal cases than in civil cases on the issue of insanity," the court held that allowing the assertion of that defense in a civil case "would be contrary to the clear intention of section 13-807." *Id*. It based its decision on the fact that a jury had rejected the insanity defense and decided the criminal defendant had acted with premeditation and either intentionally or knowingly, a finding that would directly conflict with the defendant's argument in the civil case that he had acted impulsively and negligently. *Id*. ¶¶ 9-10.

**¶17** In contrast, in *Feidler*, the defendant pled no contest to aggravated assault, but Feidler contended in the civil case that the intentional acts exclusion did not preclude insurance coverage because the defendant was too intoxicated to form an intent. 178 Ariz.

9

at 530, 875 P.2d at 189.  This court held: "[§ 13-807] does not prevent Feidler from arguing that Davis was too intoxicated to form an intent to injure.  Section 13-807 does not collaterally estop Feidler because the mental state required for aggravated assault is not the same as that required by the intentional acts exclusion." *Id*. at 532-33, 875 P.2d at 191-92.

**¶18**        The results in *Brown*, *Feidler*, and *White* flow directly from the plain wording of § 13-807: the defendant is precluded from denying the essential allegations of the offense.  But there is nothing in § 13-807 precluding a defendant from establishing facts not in conflict with the essential allegations of the criminal offense.  Therefore, these cases would not require a different result here, even if they had arisen in the same context.

**¶19**        Baugh next argues the trial court further erred when it ruled he should not be permitted to raise the defense of contributory negligence and/or comparative fault.[4]  Under A.R.S. § 12-2505(A),

> [t]he defense of contributory negligence . . . is in all cases a question of fact and shall at all times be left to the jury.  If the jury applies [contributory negligence], the claimant's action is not barred, but the full damages shall be reduced in proportion to the relative degree of the claimant's fault which is a proximate cause of the injury . . . .

*See also* Ariz. Const. art. XVIII, § 5.  Additionally, "[i]n assessing percentages of fault the trier of fact shall consider the fault of all persons who contributed to the alleged injury, death or damage to property, regardless of whether the person was, or could have been, named as a party to the suit."  A.R.S. § 12-2506(B).

---

[4]We decide only whether Baugh is precluded under § 13-807 from raising the defense of contributory negligence and comparative fault, not whether Baugh has a viable defense under either theory.

10

¶20 The defense of contributory negligence generally is not recognized as a defense to criminal conduct. *See State v. Shumway*, 137 Ariz. 585, 588, 672 P.2d 929, 932 (1983). And neither a defense of contributory negligence nor comparative fault principles deny an "essential allegation[] of the criminal offense of which [the defendant] was adjudicated guilty." § 13-807. Based on the analysis above concerning justification defenses, we conclude that § 13-807 does not bar a civil defendant from alleging contributory negligence or seeking a reduction of his percentage of comparative fault. Consequently, Baugh is not precluded under § 13-807 from introducing evidence of contributory negligence or comparative fault.

¶21 For the foregoing reasons the trial court's judgment is reversed.

_____
JOSEPH W. HOWARD, Presiding Judge

CONCURRING:

_____
JOHN PELANDER, Chief Judge

_____
GARYE L. VÁSQUEZ, Judge