322 P.3d 202

**In re MH2013–001564.**

**No. 1 CA–MH 13–0044.**

Court of Appeals of Arizona, Division 1.

March 27, 2014.

Maricopa County Office of the Legal Defender, By Anne Phillips, Phoenix, Counsel for Appellant.

Maricopa County Attorney's Office, By Bruce P. White, Anne C. Longo, Phoenix, Counsel for Appellee.

## OPINION

SWANN, Judge.

¶ 1 At a hearing concerning court-ordered mental health treatment, A.R.S. § 36–539(A)

requires the petitioner to present "a record of all drugs, medication or other treatment that the [proposed patient] has received during the seventy-two hours immediately before the hearing." Appellant appeals from the trial court's order that he undergo a combination of inpatient and outpatient mental health treatment, contending that his due process rights were violated when the court ordered him to treatment without receiving such a record. We hold that the statutory record requirement presupposes that treatment was actually administered during the relevant time period. If there was no treatment, the absence of an empty record does not amount to a due process violation.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Appellant has a history of mental health problems. He was arrested in April 2013 and continued to receive the medicinal injections in jail that he was receiving before his arrest. This matter began when Appellant refused all further treatment shortly after he was incarcerated, which prompted a deputy medical director to file a Petition for Court–Ordered Evaluation ("COE"). The court granted the COE, and the evaluating doctor in turn filed a Petition for Court–Ordered Treatment ("COT") after diagnosing Appellant with a mental health disorder that allegedly caused him to be a "danger to self," "gravely disabled," and "persistently and acutely disabled." The COT petition concluded that Appellant "refused all voluntary psychiatric treatment" and "require[d] court ordered treatment secondary to noncompliance of treatment and suicide watch while [in jail]." The court ordered that Appellant be transported back to jail following his evaluation and that he be returned for a hearing on the COT petition several days later.

¶ 3 At the COT hearing, the petitioner did not present a record of the medication Appellant had received in the preceding 72 hours. But the record on appeal indicates that Appellant refused treatment while incarcerated during those 72 hours, and received none.

The court noted the fact of Appellant's incarceration and the absence of the treatment record, and defense counsel did not object on that basis. The court ultimately dismissed the allegation of danger to self for lack of sufficient evidence, but found by clear and convincing evidence that Appellant was both gravely disabled and persistently and acutely disabled as a result of a mental disorder. It further found that Appellant was in need of psychiatric treatment and was unwilling or unable to accept voluntary treatment. The court therefore ordered Appellant to undergo a combination of inpatient and outpatient treatment.

¶ 4 Appellant timely appeals.

## DISCUSSION

¶ 5 Appellant contends that his due process rights were violated because the court ordered him to undergo mental health treatment despite the petitioner's lack of compliance with A.R.S. § 36–539(A). But Appellant never argued below that he was prejudiced by the absence of the 72–hour treatment record.[1] Nevertheless, we exercise our discretion to address Appellant's argument on its merits because the issue is likely to present itself in future cases. *See Dombey v. Phx. Newspapers, Inc.*, 150 Ariz. 476, 482, 724 P.2d 562, 568 (1986) ("[Waiver] rule is procedural, not substantive, and may be suspended in our discretion."). In doing so, "[w]e view the facts in the light most favorable to sustaining the trial court's judgment," *In re MH 2008–001188*, 221 Ariz. 177, 179, ¶ 14, 211 P.3d 1161, 1163 (App.2009), but review de novo the application and interpretation of statutes involving involuntary mental health treatment, *In re MH2010–002637*, 228 Ariz. 74, 78, ¶ 13, 263 P.3d 82, 86 (App. 2011).

¶ 6 Due process requires courts to adhere strictly to statutes pertaining to court-ordered treatment. *In re MH 2007–001264*, 218 Ariz. 538, 539, ¶ 6, 189 P.3d 1111, 1112 (App.2008). The second sentence of A.R.S. § 36–539(A) plainly requires the petitioner to present the court with a record of all medication and other treatment that the

1. Appellant was represented by counsel, and there is also no indication that Appellant was impaired by any medication during the hearing.

proposed patient has received in the 72 hours preceding the COT hearing. But as with all statutory provisions, that sentence must be read in context. *Goulder v. Ariz. Dep't of Transp.*, 177 Ariz. 414, 416, 868 P.2d 997, 999 (App.1993) ("Statutory provisions are to be read in the context of related provisions and of the overall statutory scheme."), *aff'd*, 179 Ariz. 181, 877 P.2d 280 (1994). Here, the first sentence of subsection (A) expressly presupposes that the proposed patient is actually undergoing treatment before the COT hearing:

> The medical director of the agency shall issue instructions to the physicians or the psychiatric and mental health nurse practitioner *treating* the proposed patient to take all reasonable precautions to ensure that at the time of the hearing the proposed patient shall not be so under the influence of or so suffer the effects of drugs, medication or other treatment as to be hampered in preparing for or participating in the hearing.

A.R.S. § 36–539(A) (emphasis added). Thus, we hold that if no physician or psychiatric and mental health nurse practitioner has treated the proposed patient by administering drugs, medication or other treatment in the 72 hours preceding the COT hearing, a petitioner's failure to present the court with a treatment record contemplated by A.R.S. § 36–539(A) violates neither the statute nor the proposed patient's due process rights.

¶ 7 In this case, the record indicates that Appellant refused treatment while incarcerated during the 72 hours preceding the COT hearing. The record further shows that Appellant was not receiving any medication under Ariz. R.Crim. P. 11.[2] Absent Appellant's voluntary acceptance, a Rule 11 incompetency determination, or other court-ordered treatment, there was no legal basis upon which Appellant could have received treat-

ment. Any treatment record of the relevant time period therefore would have been empty. Because no one was administering drugs, medication or other treatment to Appellant in the 72 hours before the COT hearing, the petitioner was not required to produce a record under A.R.S. § 36–539(A).

## CONCLUSION

¶ 8 For the foregoing reasons, we affirm.

---

2. We note that defense counsel moved to dismiss the COT petition "because [Appellant] is in Rule 11 and a court order for treatment at this time would deny him his equal protection rights." Counsel further specified, "an order for treatment at this time, [is] not ripe due to the Rule 11 process and would be more appropriate after the Rule 11 process is complete." Counsel's objection was based in part on the argument that if the court ordered treatment based on the COT petition, Appellant would "be force medicated during the Rule 11 process" and "wouldn't have an unadulterated initial ruling or initial evaluation in the Rule 11 process." Thus, Appellant was not undergoing any Rule 11 restorative care at the time of the COT hearing or in the 72 hours beforehand. Restorative care may only be administered after the court has determined that a defendant is incompetent, Ariz. R.Crim. P. 11.5(b)(3), and here such a determination was yet to be made.