NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE: MH2025-006777

No. 1 CA-MH 25-0182

FILED 02-18-2026

Appeal from the Superior Court in Maricopa County
No. MH2025-006777
The Honorable Terri L. Clarke, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Lindsay Ficklin
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Joseph J. Branco, Sean M. Moore
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

**T H U M M A**, Judge:

¶1          A.J. appeals from an order committing him to mental health treatment. A.J. argues he was deprived of due process because the superior court was not provided a record of all treatment he received in the 72 hours before the hearing. *See* Ariz. Rev. Stat. (A.R.S.) § 36-539(A) (2026).[1] Because A.J. has shown no error, the commitment order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2          Pursuant to a previous order, A.J. was subject to mental health treatment through July 28, 2025. Anticipating the expiration of that order, on July 7, 2025, Dr. Evan Duffy, deputy medical director at Valleywise Behavioral Health, filed a petition seeking an evaluation of A.J. *See* A.R.S. § 36-523. The superior court issued an order directing A.J. be evaluated and appointing an attorney to represent him. *See* A.R.S. § 36-529(A).

¶3          Doctors Shabnam Sood and Lydia Torio evaluated A.J. and concluded he was suffering from a severe mental disorder requiring court-ordered treatment. On July 14, 2025, Dr. Sood filed a petition for court-ordered treatment, alleging A.J. was persistently or acutely disabled and unwilling or unable to accept treatment voluntarily. *See* A.R.S. § 36-540(A)(2) & (3). As required by statute, the petition attached affidavits from Drs. Sood and Torio. *See* A.R.S. § 36-533(B). Both affidavits noted that A.J. had a history of past hospitalizations and that he was under court-ordered treatment while being held in jail on criminal charges. The petition sought an order for a combination of inpatient and outpatient mental health treatment. *See* A.R.S. § 36-540(A)(2).

¶4          At the August 6, 2025, evidentiary hearing, the parties stipulated to the admission of the Sood and Torio affidavits. The court also heard testimony from two other witnesses about their observations of A.J. while he was in jail.

¶5          At the hearing, the court noted that it had not been provided a 72-hour medication report, adding A.J. was being held in the jail, not at Valleywise (the evaluating agency). A.J. objected to the lack of the 72-hour medication report, arguing the jail as the inpatient provider was required to provide it. Overruling the objection, the court noted A.J. was held in jail, but the jail was not the evaluating agency and was not the petitioner. Accordingly, the court concluded, neither the jail nor Valleywise was

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

required to provide a 72-hour medication report. During the hearing, A.J.'s counsel cross-examined the observational witnesses (who were working with A.J. at the jail), who testified that they had each seen A.J. take medication once. The observational witnesses, however, were not asked whether A.J. took any medication or had received any treatment 72 hours before the hearing. A.J. also addressed the court.

¶6        During closing argument, A.J.'s counsel renewed his objection to not having a 72-hour medication report, arguing the jail was an evaluation agency required to provide that information, which would show "whether [A.J.] was med-compliant or not." Overruling that objection, the court found petitioner had met its burden by clear and convincing evidence, ordering combined inpatient and outpatient treatment for no more than 365 days, with inpatient treatment not to exceed 180 days.

¶7        This court has jurisdiction over A.J.'s timely appeal challenging the commitment order under A.R.S. §§ 36-546.01 and 12-2101(A)(10).

## DISCUSSION

¶8        The superior court's findings of fact will be affirmed unless clearly erroneous, viewing the facts in the light most favorable to sustaining those findings. *See In re MH 2008-001188,* 221 Ariz. 177, 179 ¶ 14 (App. 2009) (citing cases). Issues of law, by contrast, are reviewed de novo. *See In re MH2010-002637,* 228 Ariz. 74, 78 ¶ 13 (App. 2011) (citing cases). Particularly given these proceedings can result in a deprivation of an individual's liberty interests, the record must show "complete compliance with each statute's requirements." *In re Pima Cnty. Mental Health No. 20200860221,* 255 Ariz. 519, 524 ¶¶ 10-11 (2023). In reviewing statutory requirements, the court looks to "the plain meaning of the words the legislature chose to use, viewed in their broader statutory context." *In re Drummond,* 257 Ariz. 15, 18 ¶ 5 (2024) (citation omitted).

¶9        A.J. argues the superior court deprived him of due process by failing to comply with A.R.S. § 36-539(A). That statute requires "[t]he medical director of the evaluation agency" to "take all reasonable precautions to ensure that at the time of the hearing the proposed patient is not so under the influence of or does not so suffer the effects of drugs, medication or other treatment as to be hampered in preparing for or participating in the hearing." A.R.S. § 36-539(A). That obligation includes a specific mandate that "[i]f the proposed patient is being treated as an inpatient by the evaluation agency, the court at the time of the hearing shall

be presented a record of all drugs, medication or other treatment that the person has received during the seventy-two hours immediately before the hearing." *Id.* A.J. argues this mandate was not followed here. The facts, however, are to the contrary.

**¶10**　　　A.J. argues the jail was the evaluation agency and, because he was being treated in the jail, it was required to provide a 72-hour medication report. Here, however, the evaluation agency was Valleywise, the entity seeking the order of commitment. *See* A.R.S. § 36-501(14)(b) (defining "Evaluation Agency"). A 72-hour medication report is required when the "patient is being treated as an inpatient by *the* evaluation agency." A.R.S. § 36-539(A) (emphasis added); *see also In re MH2013-001564*, 234 Ariz. 385, 386-87 ¶ 6 (App. 2014) (A.R.S. § 36-539(A) requires a 72-hour medication report from petitioner when the patient is being treated as an inpatient by petitioner). From the record presented, Valleywise was not providing A.J. inpatient treatment in the days before the evidentiary hearing, meaning it was not required to provide a 72-hour medication report.

**¶11**　　　A.J. also contends a 72-hour medication report was required because he received treatment within 72 hours of the evidentiary hearing.[2] But he does not cite anything in the record supporting that assertion. A.J.'s statements to the court at the hearing do not suggest impairment or withdrawal. At the hearing, A.J.'s counsel did not raise concerns that A.J. was impaired or suffering from withdrawal. Although A.J. suggests witness testimony and the evaluating doctors' affidavits indicate he was voluntarily taking medication, they were not asked specifically about the 72 hours prior to the hearing. Moreover, A.J. does not point to anything in the record suggesting that, at the hearing, he was under the influence of, or suffering withdrawal from, "drugs, medication or other treatment," which is what the statute is designed to prevent. *See* A.R.S. § 36-539(A).

---

[2] Although A.J. also relies on A.R.S. § 36-534(A), that statute does not apply because the medical director of the evaluation agency did not find it was appropriate to discharge him or admit him on a voluntary basis. Nor has A.J. shown a failure to comply with A.R.S. § 36-530 (addressing evaluation and treatment).

**¶12** A.J. acknowledges the holding in *MH2013-001564* (rejecting a due process argument that a patient had a right to a 72-hour medication report when the patient had not received medication or treatment within 72 hours of the commitment hearing), but he argues it is distinguishable because the record here shows A.J. was being treated within 72 hours of the commitment hearing. But because A.J. has shown no evidence of impairment at the hearing, *MH2013-001564* is at least arguably relevant. On this record, A.J. has not shown that the superior court deprived him of his due process rights by proceeding without a 72-hour medication report.

**¶13** Finally, A.J. argues the failure to require a 72-hour medication report prejudiced him because he did not have a record from which to argue against court-ordered treatment. A.J., however, did not move to continue the commitment hearing after learning that no 72-hour medication report would be provided. Nor did he argue prejudice in superior court, meaning the issue was waived. *See In re MH 2007-001895*, 221 Ariz. 346, 350 ¶ 15 (App. 2009) (citing cases); *see also In re Pima Cnty. No. MH-1140-6-93*, 176 Ariz. 565, 568 (App. 1993) (due process claims raised for the first time on appeal are waived) (citing cases). And waiver notwithstanding, he has not shown that the commitment order would be different if a 72-hour medication report record had been provided.

## CONCLUSION

**¶14** The commitment order is affirmed.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR